QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
  Daniel C. Posner (Bar No. 232009)
  danposner@quinnemanuel.com
  Zachary A. Schenkkan (Bar No. 304738)
  zackschenkkan@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendants Vivendi S.A.,*
*Studiocanal, and Ron Halpern*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY OF PROGRESS PRODUCTIONS, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>VIVENDI S.A., *et al.*,<br><br>                              Defendants. | CASE NO. 2:16-cv-07733-DMG-AS<br><br>**ANSWER TO THIRD AMENDED COMPLAINT BY DEFENDANTS VIVENDI S.A., STUDIOCANAL S.A.S., AND RON HALPERN, AND COUNTERCLAIMS OF STUDIOCANAL S.A.S. FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |
| STUDIOCANAL S.A.S.,<br><br>                    Counterclaim Plaintiff,<br><br>v.<br><br>CENTURY OF PROGRESS PRODUCTIONS; CHRISTOPHER GUEST; ROB REINER PRODUCTIONS; UNITED HEATHEN; SPINAL TAP PRODUCTIONS; HARRY SHEARER; ROB REINER; and MICHAEL MCKEAN,<br><br>                    Counterclaim Defendants. | Judge: Hon. Dolly M. Gee<br><br>Trial Date: None Set |

# ANSWER

Defendants Vivendi S.A. ("Vivendi"), Studiocanal S.A.S. ("Studiocanal"), and Ron Halpern (together, "Defendants"), by and through their counsel, hereby answer each allegation of the Third Amended Complaint (the "TAC") filed by Plaintiffs Century of Progress Productions, Christopher Guest, Rob Reiner Productions, United Heathen, Spinal Tap Productions ("STP"), Harry Shearer, Rob Reiner, and Michael McKean (together, "Plaintiffs"). Certain allegations of the TAC are made as to all or several parties, including separately-represented (and recently dismissed) defendants Universal Music Group, Inc. ("Universal Music") and UMG Recordings, Inc. ("UMG"). Defendants respond herein to the allegations in the TAC only insofar as such allegations pertain to them. Unless expressly and specifically admitted, Defendants deny each and every allegation, contention, and statement in the TAC. Defendants answer as follows:

1.     Answering paragraph 1 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

2.     Answering paragraph 2 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that after this lawsuit was first filed, Studiocanal received a document titled "Notice of Termination pursuant to Section 203 of the Copyright Act (P.L. 94-553 (90 Stat. 2541)," purportedly prepared on behalf of Harry Shearer, regarding the motion picture *This is Spinal Tap* and related musical compositions; otherwise, Defendants deny the allegations set forth therein.

3.     Answering paragraph 3 of the TAC, Defendants state that this paragraph purports to refer to Vivendi S.A.'s February 28, 2017 motion to dismiss, which speaks for itself (Dkt. 24); otherwise, Defendants deny the allegations set forth therein.

4.     Answering paragraph 4 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

5.     Answering paragraph 5 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

6.     Answering paragraph 6 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

7.     Answering paragraph 7 of the TAC, Defendants admit that STP signed an agreement with Embassy Pictures on May 7, 1982.  Defendants state that to the extent this paragraph refers to the document representing that agreement, that document speaks for itself (Dkt. 24-2 at 2-12).  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

8.     Answering paragraph 8 of the TAC, Defendants state that to the extent this paragraph refers to a document titled "Instrument of Transfer," that document speaks for itself (Dkt. 24-2 at 20).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

9.     Answering paragraph 9 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Studiocanal and UMG own rights that

Embassy Pictures obtained from STP or that arose as a matter of law; otherwise, Defendants deny the allegations set forth therein.

10.     Answering paragraph 10 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Vivendi S.A. has challenged the termination notices regarding *This is Spinal Tap* because, among other reasons, the works at issue were created as works made for hire; otherwise, Defendants deny the allegations set forth therein.

11.     Answering paragraph 11 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

12.     Answering paragraph 12 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

13.     Answering paragraph 13 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

14.     Answering paragraph 14 of the TAC, Defendants admit that Harry Shearer performed as "Derek Smalls" in *This is Spinal Tap*.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein, and on that basis, deny them.

15.     Answering paragraph 15 of the TAC, Defendants admit that Christopher Guest performed as "Nigel Tufnel" in *This is Spinal Tap*.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein, and on that basis, deny them.

16.     Answering paragraph 16 of the TAC, Defendants admit that Rob Reiner performed as "Marty DiBergi" in *This is Spinal Tap*.  Defendants are without

1  knowledge or information sufficient to form a belief as to the truth or falsity of the

2  remaining allegations set forth therein, and on that basis, deny them.

3       17.    Answering paragraph 17 of the TAC, Defendants admit that Michael

4  McKean performed as "David St. Hubbins" in *This is Spinal Tap*.  Defendants are

5  without knowledge or information sufficient to form a belief as to the truth or falsity

6  of the remaining allegations set forth therein, and on that basis, deny them.

7       18.    Answering paragraph 18 of the TAC, Defendants admit that *This is

8  Spinal Tap* contains music, including the songs described in paragraph 18.  In

9  addition, Defendants state that the allegations contain legal conclusions to which no

10  response is required; otherwise, Defendants deny the allegations set forth therein.

11      19.    Answering paragraph 19 of the TAC, Defendants state that the

12  allegations contain legal conclusions to which no response is required; otherwise,

13  Defendants deny the allegations set forth therein.

14      20.    Answering paragraph 20 of the TAC, Defendants state that the

15  allegations contain legal conclusions to which no response is required; otherwise,

16  Defendants deny the allegations set forth therein.

17      21.    Answering paragraph 21 of the TAC, Defendants admit that

18  Studiocanal owns rights in *This is Spinal Tap* and related musical compositions.

19  Vivendi S.A. is the holding company for Canal +, Studiocanal, Universal Music and

20  UMG.  Defendants deny the allegation that Vivendi S.A. directly owns or

21  administers any rights in the motion picture *This is Spinal Tap* or works related

22  thereto.  Defendants are without knowledge or information sufficient to form a

23  belief as to the truth or falsity of the allegations set forth therein regarding Universal

24  Music and UMG; otherwise, Defendants deny the allegations set forth therein.

25      22.    Answering paragraph 22 of the TAC, Defendants admit that the

26  participation statements issued to STP for accounting periods between 1984 and

27  2017 reported that STP's cumulative participation in the applicable merchandising

28  rights, pursuant to the governing contract, was $81, but deny that $81 is the sum

total of all merchandising revenue that was reported to STP during that time.  Defendants further admit that the accounting statement issued to STP for the period ending December 31, 2017 stated an unrecouped negative balance of $13,451.  Otherwise, Defendants deny the allegations set forth therein.

23.     Answering paragraph 23 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

24.     Answering paragraph 24 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.

25.     Answering paragraph 25 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.

26.     Answering paragraph 26 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.

27.     Answering paragraph 27 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.

28.     Answering paragraph 28 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

29.     Answering paragraph 29 of the TAC, Defendants admit that Vivendi S.A. is a French corporation headquartered in Paris, France; otherwise, Defendants deny the allegations set forth therein.

30.     Answering paragraph 30 of the TAC, Defendants admit that Studiocanal S.A.S. is a subsidiary of Vivendi S.A. and is headquartered in Issy-les-Moulineaux, France; otherwise, Defendants deny the allegations set forth therein.

31.     Answering paragraph 31 of the TAC, Defendants admit that Ron Halpern is an executive at Studiocanal and a resident of Paris, France; otherwise, Defendants deny the allegations set forth therein.

32.     Answering paragraph 32 of the TAC, Defendants admit that Universal Music and UMG are subsidiaries of Vivendi S.A.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein, and on that basis, deny them.

33.     Answering paragraph 33 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

34.     Answering paragraph 34 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

35.     Answering paragraph 35 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

36.     Answering paragraph 36 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

37.     Answering paragraph 37 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

38.     Answering paragraph 38 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph

refers to the document representing that agreement, that document speaks for itself (Dkt. 24-2 at 2-12). Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein, and on that basis, deny them. In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

39. Answering paragraph 39 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*. Defendants state that to the extent this paragraph refers to the document representing that agreement, that document speaks for itself (Dkt. 24-2 at 2-12). In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

40. Answering paragraph 40 of the TAC, Defendants admit that the motion picture *This is Spinal Tap* was released in 1984. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein, and on that basis, deny them.

41. Answering paragraph 41 of the TAC, Defendants admit that a 25th Anniversary Blu-Ray DVD of *This is Spinal Tap* was released in 2009. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein, and on that basis, deny them.

42. Answering paragraph 42 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

43. Answering paragraph 43 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*. Defendants state that to the extent this paragraph refers to the document representing that agreement and exhibits thereto, those

documents speak for themselves (Dkt. 24-2 at 2-12, 20; Dkt. 24-3; Dkt. 24-4; Dkt. 24-5).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

44.     Answering paragraph 44 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph refers to the document representing that agreement and letters attached thereto, those documents speak for themselves (Dkt. 24-2 at 2-19).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

45.     Answering paragraph 45 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph refers to the document representing that agreement, that document speaks for itself (Dkt. 24-2 at 2-12).  Defendants deny the allegations set forth in this paragraph that are not exact quotations from the document representing that agreement.

46.     Answering paragraph 46 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph refers to the document representing that agreement, that document speaks for itself (Dkt. 24-2 at 2-12).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

47.     Answering paragraph 47 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph refers to the document representing that agreement, that document speaks for itself

(Dkt. 24-2 at 2-12).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

48.     Answering paragraph 48 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph refers to the document representing that agreement, that document speaks for itself (Dkt. 24-2 at 2-12).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

49.     Answering paragraph 49 of the TAC, Defendants admit that an agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph refers to the document representing that agreement, that document speaks for itself (Dkt. 24-2 at 2-12).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

50.     Answering paragraph 50 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.

51.     Answering paragraph 51 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

52.     Answering paragraph 52 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants

state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

53.    Answering paragraph 53 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

54.    Answering paragraph 54 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

55.    Answering paragraph 55 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

56.    Answering paragraph 56 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

57.    Answering paragraph 57 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

58. Answering paragraph 58 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them. In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

59. Answering paragraph 59 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them. In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

60. Answering paragraph 60 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them. In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

61. Answering paragraph 61 of the TAC, Defendants admit that UMG, Universal Music, and Studiocanal S.A.S. are organized under Vivendi S.A.; otherwise, Defendants deny the allegations set forth therein.

62. Answering paragraph 62 of the TAC, Defendants admit that predecessors of Vivendi S.A.'s subsidiaries acquired rights to the motion picture *This is Spinal Tap*. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein, and on that basis, deny them. In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

63. Answering paragraph 63 of the TAC, Defendants admit that the accounting statement for the period ending December 31, 2017 states an unrecouped

1    negative balance of $13,451; otherwise, Defendants deny the allegations set forth
2    therein.

3         64.    Answering paragraph 64 of the TAC, Defendants admit that an
4    agreement dated May 7, 1982 was entered into with Embassy Pictures regarding the
5    motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph
6    refers to the document representing that agreement, that document speaks for itself
7    (Dkt. 24-2 at 2-12).  In addition, Defendants state that the allegations contain legal
8    conclusions to which no response is required; otherwise, Defendants deny the
9    allegations set forth therein.

10        65.    Answering paragraph 65 of the TAC, Defendants are without
11   knowledge or information sufficient to form a belief as to the truth or falsity of the
12   allegations set forth therein, and on that basis, deny them.  In addition, Defendants
13   state that the allegations contain legal conclusions to which no response is required;
14   otherwise, Defendants deny the allegations set forth therein.

15        66.    Answering paragraph 66 of the TAC, Defendants state that the
16   allegations contain legal conclusions to which no response is required; otherwise,
17   Defendants deny the allegations set forth therein.

18        67.    Answering paragraph 67 of the TAC, Defendants are without
19   knowledge or information sufficient to form a belief as to the truth or falsity of the
20   allegations set forth therein, and on that basis, deny them.

21        68.    Answering paragraph 68 of the TAC, Defendants are without
22   knowledge or information sufficient to form a belief as to the truth or falsity of the
23   allegations set forth therein concerning CPP and Shearer's alleged discovery of facts,
24   and on that basis, deny them.  In addition, Defendants state that other allegations
25   contain legal conclusions to which no response is required; otherwise, Defendants
26   deny the allegations set forth therein.

27

28

69.     Answering paragraph 69 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

70.     Answering paragraph 70 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

71.     Answering paragraph 71 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

72.     Answering paragraph 72 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

73.     Answering paragraph 73 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

74.     Answering paragraph 74 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

75.     Answering paragraph 75 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

76.     Answering paragraph 76 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

77.     Answering paragraph 77 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

78.     Answering paragraph 78 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

79.     Answering paragraph 79 of the TAC, Defendants admit that Vivendi S.A. is an integrated media and content company and that its business includes the creation, production, and distribution of content; otherwise, Defendants deny the allegations set forth therein.

80.     Answering paragraph 80 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

81.     Answering paragraph 81 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

82.     Answering paragraph 82 of the TAC, Defendants admit that Vivendi S.A.'s Chief Executive Officer, Arnaud de Puyfontaine, serves as Chairman of Vivendi S.A.'s Management Board and as a member of the Supervisory Board for Canal + Group.  Defendants also admit that Vivendi S.A. appointed Lucian Grainge as the new Chairman and Chief Executive Officer of Universal Music Group in 2011; otherwise, Defendants deny the allegations set forth therein.

83.     Answering paragraph 83 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

84.     Answering paragraph 84 of the TAC, Defendants admit that "Embassy Pictures Joint venture composed of Lear Pictures, Inc.; Perenchio Pictures, Inc." filed an application with the United States Patent and Trademark Office (USPTO) to

register the mark "SPINAL TAP" in 1984.  Defendants also admit that "Canal +

D.A. CORPORATION FRANCE" and "STUDIOCANAL IMAGE JOINT STOCK

COMPANY FRANCE" filed applications with the USPTO for the mark "SPINAL

TAP" in 2000.  Defendants state that this paragraph purports to refer to a USPTO

conveyance document, which speaks for itself (Dkt. 62-2).  In addition, Defendants

state that the allegations contain legal conclusions to which no response is required;

otherwise, Defendants deny the allegations set forth therein.

85.     Answering paragraph 85 of the TAC, Defendants state that this

paragraph purports to refer to a trademark registration document for the mark

"SPINAL TAP," which speaks for itself (Dkt. 62-3).  In addition, Defendants state

that the allegations contain legal conclusions to which no response is required;

otherwise, Defendants deny the allegations set forth therein.

86.     Answering paragraph 86 of the TAC, Defendants state that this

paragraph purports to refer to trademark registration documents for the mark

"SPINAL TAP," which speak for themselves (Dkt. 62-4; Dkt. 62-5).  In addition,

Defendants state that the allegations contain legal conclusions to which no response

is required; otherwise, Defendants deny the allegations set forth therein.

<u>COUNT I</u>

**Breach of Contract – May 1982 Agreement**

**(Against Vivendi and Canal)**

87.     Answering paragraph 87 of the TAC, Defendants incorporate herein by

reference their responses to the allegations in paragraphs 1 through 86 of the TAC as

though fully set forth herein.

88.     Answering paragraph 88 of the TAC, Defendants admit that Embassy

Pictures entered into an agreement dated May 7, 1982 with STP regarding the

motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph

refers to the document representing that agreement, that document speaks for itself

(Dkt. 24-2 at 2-12).  In addition, Defendants state that the allegations contain legal

conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

89.   Answering paragraph 89 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

90.   Answering paragraph 90 of the TAC, Defendants admit that Embassy Pictures entered into an agreement dated May 7, 1982 with STP regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph refers to the document representing that agreement, that document speaks for itself (Dkt. 24-2 at 2-12).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

91.   Answering paragraph 91 of the TAC, Defendants admit that Embassy Pictures entered into an agreement, dated May 7, 1982, with STP regarding the motion picture *This is Spinal Tap*.  Defendants state that to the extent this paragraph refers to the document representing that agreement and letters attached thereto, those documents speak for themselves (Dkt. 24-2 at 2-19).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

92.   Answering paragraph 92 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

93.   Answering paragraph 93 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

94.   Answering paragraph 94 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

## COUNT II

**Breach of the Implied Covenant of Good Faith and Fair Dealing – May 1982**

**Agreement**

**(Against Vivendi and Canal)**

95.     Answering paragraph 95 of the TAC, Defendants incorporate herein by reference their responses to the allegations in paragraphs 1 through 94 of the TAC as though fully set forth herein.

96.     Answering paragraph 96 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

97.     Answering paragraph 97 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

98.     Answering paragraph 98 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

## COUNT III

**Breach of Contract – PolyGram Agreement**

**(Against Universal Music and UMG)**

99.     Answering paragraph 99 of the TAC, Defendants incorporate herein by reference their responses to the allegations in paragraphs 1 through 98 of the TAC as though fully set forth herein.

100.   Answering paragraph 100 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

08688-00001/11190349.2

101.   Answering paragraph 101 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

102.   Answering paragraph 102 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

103.   Answering paragraph 103 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

104.   Answering paragraph 104 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

105.   Answering paragraph 105 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

106.   Answering paragraph 106 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

107.   Answering paragraph 107 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

## COUNT IV

**Breach of the Implied Covenant of Good Faith and Fair Dealing – PolyGram Agreement**

**(Against UMG and Universal Music)**

108.   Answering paragraph 108 of the TAC, Defendants incorporate herein by reference their responses to the allegations in paragraphs 1 through 107 of the TAC as though fully set forth herein.

109.   Answering paragraph 109 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

110.   Answering paragraph 110 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

111.   Answering paragraph 111 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

## COUNT V

**Fraud by Concealment and Misrepresentation**

**(Against All Defendants)**

112.   Answering paragraph 112 of the TAC, Defendants incorporate herein by reference their responses to the allegations in paragraphs 1 through 111 of the TAC as though fully set forth herein.

113.   Answering paragraph 113 of the TAC, Defendants admit that accounting statements have been issued to STP.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

114.   Answering paragraph 114 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

115.   Answering paragraph 115 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

116.   Answering paragraph 116 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

117.   Answering paragraph 117 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

118.   Answering paragraph 118 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, and on that basis, deny them.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

119.   Answering paragraph 119 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

120.   Answering paragraph 120 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

121.   Answering paragraph 121 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

122.   Answering paragraph 122 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

123.   Answering paragraph 123 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

<u>**COUNT VI**</u>

**For an Accounting**

**(Against All Defendants)**

124.   Answering paragraph 124 of the TAC, Defendants incorporate herein by reference their responses to the allegations in paragraphs 1 through 123 of the TAC as though fully set forth herein.

125.   Answering paragraph 125 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

126.   Answering paragraph 126 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

127.   Answering paragraph 127 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

128.   Answering paragraph 128 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

## COUNT VII

### Declaratory Judgment of Trademark Rights, 28 U.S.C. § 2201, *et seq.*
### (Against Vivendi and Canal)

129.   Answering paragraph 129 of the TAC, Defendants incorporate herein by reference their responses to the allegations in paragraphs 1 through 128 of the TAC as though fully set forth herein.

130.   Answering paragraph 130 of the TAC, Defendants admit that "Embassy Pictures Joint venture composed of Lear Pictures, Inc.; Perenchio Pictures, Inc." filed an application for trademark registration with the United States Patent and Trademark Office ("USPTO") for the mark "SPINAL TAP" in 1984 for the Goods and Services category of "Entertainment Services Rendered by a Musical Group." Defendants state that to the extent this paragraph refers to trademark registration documents, those documents speak for themselves (Dkt. 62-1). In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

131.   Answering paragraph 131 of the TAC, Defendants admit that "Canal + D.A. CORPORATION FRANCE" filed applications for trademark registration with the USPTO for the mark "SPINAL TAP" in 2000; otherwise, Defendants deny the allegations set forth therein.

132.   Answering paragraph 132 of the TAC, Defendants state that this paragraph purports to refer to a USPTO conveyance document, which speaks for itself (Dkt. 62-2). In addition, Defendants state that the allegations contain legal

08688-00001/11190349.2

1  conclusions to which no response is required; otherwise, Defendants deny the

2  allegations set forth therein.

3      133.   Answering paragraph 133 of the TAC, Defendants state that the

4  allegations contain legal conclusions to which no response is required; otherwise,

5  Defendants deny the allegations set forth therein.

6      134.   Answering paragraph 134 of the TAC, Defendants state that this

7  paragraph purports to refer to a trademark registration document, which speaks for

8  itself (Dkt. 62-3).  In addition, Defendants state that the allegations contain legal

9  conclusions to which no response is required; otherwise, Defendants deny the

10  allegations set forth therein.

11     135.   Answering paragraph 135 of the TAC, Defendants state that the

12  allegations contain legal conclusions to which no response is required; otherwise,

13  Defendants deny the allegations set forth therein.

14     136.   Answering paragraph 136 of the TAC, Defendants state that this

15  paragraph purports to refer to trademark registration documents for the mark

16  "SPINAL TAP," which speak for themselves (Dkt. 62-4; Dkt. 62-5).  In addition,

17  Defendants state that the allegations contain legal conclusions to which no response

18  is required; otherwise, Defendants deny the allegations set forth therein.

19     137.   Answering paragraph 137 of the TAC, Defendants state that the

20  allegations contain legal conclusions to which no response is required; otherwise,

21  Defendants deny the allegations set forth therein.

22     138.   Answering paragraph 138 of the TAC, Defendants state that the

23  allegations contain legal conclusions to which no response is required; otherwise,

24  Defendants deny the allegations set forth therein.

25

26

27

28

## COUNT VIII

### Declaratory Judgment of Copyright Reversion, 17 U.S.C. § 203

### (Against Vivendi, Canal, and Universal Music Group)

139.   Answering paragraph 139 of the TAC, Defendants incorporate herein by reference their responses to the allegations in paragraphs 1 through 138 of the TAC as though fully set forth herein.

140.   Answering paragraph 140 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

141.   Answering paragraph 141 of the TAC, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

142.   Answering paragraph 142 of the TAC, Defendants state that this paragraph purports to refer to a document titled "Instrument of Transfer," which speaks for itself (Dkt. 24-2 at 20).  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

143.   Answering paragraph 143 of the TAC, Defendants admit that Studiocanal S.A.S. and Universal Music Group own rights that were assigned to Embassy Productions under the May 7, 1982 Agreement, including copyrights in works related to *This is Spinal Tap*.  In addition, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

144.   Answering paragraph 144 of the TAC, Defendants admit that Studiocanal received a document titled "Notice of Termination pursuant to Section 203 of the Copyright Act (P.L. 94-553 (90 Stat. 2541)," purportedly prepared on behalf of Harry Shearer regarding the motion picture *This is Spinal Tap* and related musical compositions.  In addition, Defendants state that the allegations contain

1  legal conclusions to which no response is required; otherwise, Defendants deny the

2  allegations set forth therein.

3       145.   Answering paragraph 145 of the TAC, Defendants state that this

4  paragraph purports to refer to Vivendi S.A.'s February 28, 2017 motion to dismiss,

5  which speaks for itself (Dkt. 24).  In addition, Defendants state that the allegations

6  contain legal conclusions to which no response is required; otherwise, Defendants

7  deny the allegations set forth therein.

8       146.   Answering paragraph 146 of the TAC, Defendants state that the

9  allegations contain legal conclusions to which no response is required; otherwise,

10  Defendants deny the allegations set forth therein.

11       147.   Answering paragraph 147 of the TAC, Defendants state that the

12  allegations contain legal conclusions to which no response is required; otherwise,

13  Defendants deny the allegations set forth therein.

14                      **RELIEF REQUESTED**

15       148.   Defendants deny that Plaintiffs are entitled to any relief from

16  Defendants or the Court.

17                      **AFFIRMATIVE DEFENSES**

18       Defendants assert the following affirmative defenses as to each claim alleged

19  in the TAC without assuming the burden of proof on such defenses that would

20  otherwise fall on Plaintiffs.  Defendants reserve the right to supplement and/or

21  amend these defenses, including to assert new defenses, as discovery is conducted.

22                    **FIRST AFFIRMATIVE DEFENSE**

23                        **(Lack of Standing)**

24       149.   Plaintiffs are not entitled to relief because they have not appropriately

25  pled, shown, nor proven adequate standing for the relief sought.

26                  **SECOND AFFIRMATIVE DEFENSE**

27

28

1                             **(Lack of Personal Jurisdiction)**

2          150.   Plaintiffs' claims are barred in whole or in part due to lack of personal

3 jurisdiction over Defendants.

4                         **THIRD AFFIRMATIVE DEFENSE**

5        **(17 U.S.C. § 203(a) – No Termination for Works Made for Hire)**

6          151.   Plaintiffs are not entitled to a declaration that their copyright

7 termination notices are valid and effective and do not infringe Defendants'

8 copyrights because the works at issue are works made for hire.

9                       **FOURTH AFFIRMATIVE DEFENSE**

10           **(Waiver, Acquiescence, Laches, Estoppel)**

11          152.   Plaintiffs' claims are barred in whole or in part by the doctrines of

12 waiver, acquiescence, laches, and estoppel.

13                       **FIFTH AFFIRMATIVE DEFENSE**

14                       **(Unclean Hands)**

15          153.   Plaintiffs' claims are barred in whole or in part by the doctrine of

16 unclean hands.

17                       **SIXTH AFFIRMATIVE DEFENSE**

18                     **(Statute of Limitations)**

19          154.   Plaintiffs' claims are barred in whole or in part by the applicable statute

20 of limitations established by law and by the terms of Plaintiffs' 1982 agreement with

21 Embassy Pictures.

22                     **SEVENTH AFFIRMATIVE DEFENSE**

23                        **(Justification)**

24          155.   Plaintiffs' claims are barred in whole or in part because the conduct

25 underlying Plaintiffs' claims was legally justified.

26

27

28

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

156.   Plaintiffs' requests for punitive damages are barred in whole or in part because all of Defendants' acts were undertaken in good faith and because Plaintiffs fail to plead facts showing an entitlement to an award of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

### (Improper Party)

157.   Plaintiffs' claims against Vivendi S.A. are barred in whole or in part because Plaintiffs improperly name Vivendi S.A. as a defendant.  Vivendi S.A. is not a party to the contracts at issue, owes no contractual obligations to Plaintiffs, and is not the owner or successor-in-interest to any copyrights or trademark rights challenged by Plaintiffs.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

A.   That Plaintiffs take nothing by way of the TAC;

B.   That the TAC, and each of its claims for relief, be dismissed with prejudice;

C.   That Defendants be awarded their costs of suit incurred herein, including attorneys' fees and expenses; and

D.   For such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

# COUNTERCLAIMS

Counterclaim Plaintiff Studiocanal brings these counterclaims against Counterclaim Defendants Century of Progress Productions, Christopher Guest, Rob Reiner Productions, and United Heathen (individually and collectively in their capacity as the former owners of the now-dissolved Spinal Tap Productions ("STP")), as well as Harry Shearer, Rob Reiner, and Michael McKean (together, "Counterclaim Defendants").  Studiocanal reserves the right to assert additional counterclaims, as warranted by facts revealed through investigation and discovery.

## NATURE OF COUNTERCLAIMS

1.      These counterclaims seek a declaratory judgment that the motion picture *This is Spinal Tap*, and all other motion picture-related works created in conjunction therewith, including but not limited to derivative works prepared therefrom (the "*Spinal Tap* Works"), are works made for hire and thus, to the extent entitled to protection under the U.S. Copyright Act, are ineligible for termination under 17 U.S.C. § 203, such that Counterclaim Defendants' purported notices of such terminations are invalid and ineffective.

2.      These counterclaims also seek a declaratory judgment that Studiocanal continues to own, and has not abandoned, common law trademark rights to the "SPINAL TAP" mark.

## THE PARTIES

3.      Counterclaim Plaintiff Studiocanal S.A.S. is a corporation organized and existing under the laws of France, and has a principal place of business at 1 place du Spectacle, 92863 Issy-les-Moulineaux Cedex 9, France.

4.      Upon information and belief, Counterclaim Defendant Century of Progress Productions is a California corporation with its principal place of business in Sherman Oaks, California.

5.      Upon information and belief, Counterclaim Defendant Christopher Guest is a citizen of California, residing in Los Angeles.

6.     Upon information and belief, Counterclaim Defendant Rob Reiner Productions is a California corporation with its principal place of business in Beverly Hills, California.

7.     Upon information and belief, Counterclaim Defendant United Heathen is a California corporation with its principal place of business in Woodland Hills, California.

8.     Upon information and belief, Counterclaim Defendant Harry Shearer is a citizen of Louisiana, residing in New Orleans.

9.     Upon information and belief, Counterclaim Defendant Rob Reiner is a citizen of California, residing in Los Angeles.

10.    Upon information and belief, Counterclaim Defendant Michael McKean is a citizen of California, residing in Los Angeles.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over the counterclaims under 35 U.S.C. §§ 2201 and 2202 as a declaratory judgment action, and under 28 U.S.C. §§ 1331 and 1338 as an action arising under the United States Copyright Laws, Title 17 of the United States Code.

12.    This Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants have commenced the underlying copyright, trademark, breach of contract, and fraud action in this Court, as set forth in the TAC.

13.    Venue lies in this Court under 28 U.S.C. §§ 1391(b) and 1400(a).

14.    Jurisdiction and venue are proper in this Court because Counterclaim Defendants contractually consented to submit to the jurisdiction of the District Court of the Central District of California.

## FACTUAL ALLEGATIONS

15.    In 1982, Counterclaim Defendants entered into agreements with Studiocanal's predecessor, Embassy Pictures, to create the *Spinal Tap* Works.

16.     Counterclaim Defendants performed services pursuant to these agreements with Embassy Pictures, which included contributions towards the creation of the *Spinal Tap* Works.

17.     Counterclaim Defendants' contributions towards the creation of the *Spinal Tap* Works were rendered within the course and scope of their employment.

18.     Certificates of Authorship, signed by the Counterclaim Defendants, were filed with the United States Copyright Office regarding the *Spinal Tap* Works. The Certificates of Authorship state that each Counterclaim Defendant rendered such services, and created the works for which copyright registration was being sought, as "an-employee-for-hire."  The United States Copyright Office's Public Catalog also lists the "Authorship on Application" for the motion picture *This is Spinal Tap* as "Embassy Pictures, employer for hire."

19.     The motion picture *This is Spinal Tap* was released in the United States in 1984, along with accompanying musical compositions, including "Tonight I'm Gonna Rock You Tonight," "Stonehenge," "Big Bottom," and "Sex Farm," among others.

20.     The soundtrack to the *This is Spinal Tap* motion picture, titled "Spinal Tap," was also released in 1984, and was rereleased in 2000 with additional tracks.

21.     Studiocanal's predecessors, and later Studiocanal, arranged for and authorized the sale of "Spinal Tap" merchandise in conjunction with the motion picture, including clothing, action figures, stickers and other accessories.

22.     Studiocanal is the successor-in-interest to the copyrights in the *Spinal Tap* Works.

23.     As part of their efforts to protect and uphold their rights in the *Spinal Tap* Works, Studiocanal's predecessors-in-interest filed for, and were granted, federal trademark registrations for the mark "SPINAL TAP."  For example, Studiocanal's predecessors-in-interest owned federal trademark registrations bearing Registration Nos. 1311537, 2463576, 2499728, 2867023, 2881983, 2881984, and

4717603 for the mark "SPINAL TAP" in connection with entertainment services rendered by a musical group, entertainment services in the nature of live musical performances by a group, videotape and film production of live musical performances, series of motion picture films, printed matter and paper goods, certain clothing, certain electronics, and certain merchandising, among other categories of goods and services.

24.     In 1984, "Embassy Pictures Joint venture composed of Lear Pictures, Inc.; Perenchio Pictures, Inc." filed an application for trademark registration with the United States Patent and Trademark Office ("USPTO") for the mark "SPINAL TAP," which was approved.  Later, in 2000, "Canal + D.A. CORPORATION FRANCE" filed applications for trademark registration with the USPTO for the mark "SPINAL TAP," all but one of which were also approved.

25.     In 2002, Studiocanal's predecessors-in-interest conveyed the rights in these federally registered trademarks to Studiocanal Image, which subsequently merged into Studiocanal.

26.     The conveyance of these federally registered trademarks to Studiocanal's predecessors-in-interest was filed with the USPTO (*see* Dkt. 62-2). One reason the conveyance was so filed was that Studiocanal's predecessors-in-interest intended to, and did, continue to use the "SPINAL TAP" mark in commerce, as did Studiocanal upon merging with its predecessors-in-interest.

27.     Since 1984, Studiocanal's predecessors-in-interest, and thereafter Studiocanal, have continuously used the "SPINAL TAP" mark in commerce for categories of goods and services including entertainment services rendered by a musical group, entertainment services in the nature of live musical performances by a group, videotape and film production of live musical performances, series of motion picture films, printed matter and paper goods, and certain merchandising. Due in large part to Studiocanal's predecessors-in-interest and Studiocanal's expenditures of substantial time and money advertising and promoting "SPINAL

TAP" in the United States, "SPINAL TAP" has come to be associated with Studiocanal's products and services and has acquired secondary meaning in the minds of U.S. consumers.

28.     Counterclaim Defendants seek a declaratory judgment in the TAC "confirming the validity and effectiveness of the copyright termination notices" regarding the *Spinal Tap* Works, and "confirming that their use of the SPINAL TAP marks in connection with the services and goods set forth in CPP's trademark applications does not infringe any abandoned trademark rights of Defendants."

29.     As works made for hire, the *Spinal Tap* Works are not subject to 17 U.S.C. § 203's termination of transfer provisions, and Studiocanal continues to own, and has not abandoned, its common law trademark rights in the "SPINAL TAP" mark.

30.     Accordingly, a real and justiciable controversy exists regarding the status of Studiocanal's copyrights in the *Spinal Tap* Works and trademark rights in the "SPINAL TAP" mark.

31.     The controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment, which is necessary and appropriate at this time so that Studiocanal may continue to enforce its rights and perform its duties with respect to its copyrights in the *Spinal Tap* Works, and may continue to enforce its rights and perform its duties with respect to its trademark rights in the "SPINAL TAP" mark, free of the cloud cast over these rights caused by the received notices of termination of transfer and Counterclaim Defendants' assertion of trademark rights over the "SPINAL TAP" mark.

## COUNTERCLAIMS FOR RELIEF

## COUNT I

### Declaratory Judgment of Work Made for Hire

### and No Copyright Reversion, 17 U.S.C. § 203(a)

### (Against All Counterclaim Defendants)

32.     Studiocanal repeats and incorporates by reference the allegations contained in counterclaim paragraphs 1-31 as if fully set forth herein.

33.     Counterclaim Defendants entered into agreements with Embassy Pictures to create the *Spinal Tap* Works.  As part of these agreements, Counterclaim Defendants signed Inducement Letters that specified that the Counterclaim Defendants were employees.

34.     The services of each of the Counterclaim Defendants were provided pursuant to the applicable collective bargaining agreements of one or more unions (or "guilds," as such unions are commonly known within the motion picture industry), namely, the Writers Guild of America (West), the Screen Actors Guild, and the Directors Guild of America.  By law, such unions can act on behalf of only employees (as opposed to independent contractors) and by law, the services of such persons to any signatory to the applicable collective bargaining agreement are employment services.

35.     Counterclaim Defendants performed services under these agreements in connection with the creation of the *Spinal Tap* Works.

36.     Counterclaim Defendants' services in connection with the creation of the *Spinal Tap* Works were rendered within the course and scope of their employment to furnish such services.

37.     The Certificates of Authorship filed with the United States Copyright Office and signed by Counterclaim Defendants for works related to the motion picture *This is Spinal Tap* state that each Counterclaim Defendant provided his services on an "an-employee-for-hire" basis.

38.     The United States Copyright Office's Public Catalog lists the "Authorship on Application" for the motion picture *This is Spinal Tap* as "Embassy Pictures, employer for hire."

39.     Section 203(a) of the Copyright Act (17 U.S.C. § 203(a)) grants limited rights to terminate copyright transfers and licenses granted by an author, but states that a "work made for hire" is not subject to such termination.

40.     Counterclaim Defendants have no right to terminate any copyrights in the *Spinal Tap* Works because those works are "works made for hire."

41.     Studiocanal received a document titled "Notice of Termination pursuant to Section 203 of the Copyright Act (P.L. 94-553 (90 Stat. 2541))," purportedly prepared on behalf of Harry Shearer regarding the motion picture *This is Spinal Tap* and certain related musical compositions.  Studiocanal did not receive any notices of termination purportedly prepared on behalf of any of the other Counterclaim Defendants.  Counterclaim Defendants seek declaratory judgment in the TAC "confirming the validity and effectiveness of the copyright termination notices."  As such, there is an actual and justiciable controversy between Counterclaim Plaintiff Studiocanal, on the one hand, and Counterclaim Defendants, on the other hand, as to whether Counterclaim Defendants may terminate any transfer or license of rights regarding the *Spinal Tap* Works, including the *Spinal Tap* motion picture.

42.     Studiocanal therefore seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 confirming the *Spinal Tap* Works, including the motion picture *This is Spinal Tap*: (a) are works made for hire, (b) are ineligible for termination under Section 203, and (c) that any notices of termination of transfer regarding the *Spinal Tap* Works are invalid and ineffective.

43.     The controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A judicial declaration is necessary and appropriate at this time so that Studiocanal may continue to enforce its rights and

perform its duties with respect to its copyrights in the *Spinal Tap* Works, free of the cloud cast over these works caused by the received notice of termination of transfer.

44.    Studiocanal expressly reserves the right to assert additional grounds to establish the work-made-for-hire-status of the motion picture *This is Spinal Tap* and works created in conjunction therewith and other grounds to bar Counterclaim Defendants from terminating any copyright transfer or license regarding the *Spinal Tap* Works after having the ability to conduct discovery.

## COUNT II

### Declaratory Judgment of Common Law Trademarks
### and No Abandonment
### (Against All Counterclaim Defendants)

45.    Studiocanal repeats and incorporates by reference the allegations contained in counterclaim paragraphs 1-31 as if fully set forth herein.

46.    In 1984, Studiocanal's predecessors-in-interest became the owners of federal trademark registrations bearing Registration Nos. 1311537, 2463576, 2499728, 2867023, 2881983, 2881984, and 4717603 for the mark "SPINAL TAP" in connection with entertainment services rendered by a musical group, entertainment services in the nature of live musical performances by a group, videotape and film production of live musical performances, series of motion picture films, printed matter and paper goods, certain clothing, certain electronics, and certain merchandising, among other categories of goods and services.

47.    In 2002, Studiocanal's predecessors-in-interest conveyed the rights in these federally registered trademarks to Studiocanal Image, which subsequently merged into Studiocanal.

48.    The conveyance of these federally registered trademarks to Studiocanal's predecessors-in-interest was filed with the USPTO (*see* Dkt. 62-2). One reason the conveyance was so filed was that Studiocanal's predecessors-in-

1   interest intended to, and did, continue to use the "SPINAL TAP" mark in commerce,

2   as did Studiocanal upon merging with its predecessors-in-interest.

3       49.    Since 1984, Studiocanal's predecessors-in-interest, and thereafter

4   Studiocanal, have used the "SPINAL TAP" mark in commerce, including in

5   connection with entertainment services rendered by a musical group, entertainment

6   services in the nature of live musical performances by a group, videotape and film

7   production of live musical performances, series of motion picture films, printed

8   matter and paper goods, and certain merchandising, and have continuously done so

9   through the present.  Studiocanal's predecessors-in-interest and Studiocanal have

10   spent substantial time and money advertising and promoting "SPINAL TAP" in the

11   United States.  Due in large part to these efforts, "SPINAL TAP" has come to be

12   associated with Studiocanal' products and services and has acquired secondary

13   meaning in the minds of U.S. consumers.

14       50.    Studiocanal is the rightful owner of the "SPINAL TAP" mark,

15   registrations, and common law trademark rights, and has the exclusive right to use

16   the mark in commerce in the United States for the goods and services described

17   herein.

18       51.    Counterclaim Defendants seek declaratory judgment in the TAC

19   "confirming that their use of the SPINAL TAP marks in connection with the

20   services and goods set forth in CPP's trademark applications does not infringe any

21   abandoned trademark rights of Defendants."

22       52.    Studiocanal continues to own, and has not abandoned, common law

23   trademark rights in the "SPINAL TAP" mark.  As such, there is an actual and

24   justiciable controversy between Counterclaim Plaintiff Studiocanal, on the one hand,

25   and Counterclaim Defendants, on the other hand, as to whether Studiocanal owns,

26   and did not abandon, trademark rights in the "SPINAL TAP" mark.

27       53.    Studiocanal therefore seeks a declaratory judgment pursuant to 28

28   U.S.C. § 2201 and Federal Rule of Civil Procedure 57 confirming Studiocanal

continues to own, and has not abandoned, common law trademark rights in the "SPINAL TAP" mark.

54.     The controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A judicial declaration is necessary and appropriate at this time so that Studiocanal may continue to enforce its rights and perform its duties with respect to its trademarks rights in the "SPINAL TAP" mark, free of the cloud cast over these rights caused by Counterclaim Defendants' filing of their own federal trademark registration applications for the "SPINAL TAP" mark.

55.     Studiocanal expressly reserves the right to assert additional grounds demonstrating its common law trademark rights after having the ability to conduct discovery.

### **PRAYER FOR RELIEF**

WHEREFORE, Studiocanal prays for judgment as follows:

A.      Judgment be entered confirming the motion picture *This is Spinal Tap* and motion picture-related works created in conjunction therewith are works made for hire and are therefore statutorily barred from 17 U.S.C. § 203's termination of transfer provisions, rendering any notices of termination of transfer regarding the motion picture *This is Spinal Tap* or motion picture-related works created in conjunction therewith invalid and ineffective;

B.      Judgment be entered confirming Studiocanal owns, and has not abandoned, common law trademark rights in the "SPINAL TAP" mark;

C.      That Studiocanal be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

D.      For such other and further relief as the Court deems just and proper.

1

## **<u>JURY TRIAL DEMANDED</u>**

2    Defendants Vivendi S.A., Studiocanal, and Ron Halpern hereby demand a

3  trial by jury on all issues so triable.

4

5  DATED: December 2, 2019          QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
6

7                                   By  */s/ Robert M. Schwartz*

8                                        Robert M. Schwartz
                                         Attorneys for Defendants Vivendi S.A.,
9                                        Studiocanal, and Ron Halpern

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28