Stanton L. Stein (SBN 45997)
lstein@raklaw.com
Bennett A. Bigman (SBN 115426)
bbigman@raklaw.com
Irene Y. Lee (SBN 213625)
ilee@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:  (310) 826-7474
Facsimile:   (310) 826-6991

Attorneys for Plaintiffs
Century of Progress Productions, Christopher Guest,
Rob Reiner Productions, United Heathen, Spinal Tap Productions,
Harry Shearer, Rob Reiner, and Michael McKean

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY OF PROGRESS PRODUCTIONS; CHRISTOPHER GUEST; ROB REINER PRODUCTIONS; UNITED HEATHEN; SPINAL TAP PRODUCTIONS; HARRY SHEARER; ROB REINER; and MICHAEL MCKEAN,<br><br>Plaintiffs,<br><br>vs.<br><br>VIVENDI S.A.; STUDIOCANAL; RON HALPERN, an individual, UNIVERSAL MUSIC GROUP INC.; UMG RECORDINGS, INC., and DOES 1 through10, inclusive,<br><br>Defendants. | Case No. 2:16-cv-07733 DMG (AS)<br>[Assigned to The Honorable Dolly M. Gee, Department 8C/350 W. 1st Street]<br><br>**JOINT STATUS REPORT**<br><br>Case Filed: October 17, 2016 |

Pursuant to this Court's Scheduling Order of January 24, 2020 ("Scheduling Order"), Plaintiffs Century of Progress Productions, Christopher Guest, Rob Reiner Productions, United Heathen, Spinal Tap Productions, Harry Shearer, Rob Reiner, and Michael McKean ("Plaintiffs"), and Defendants Vivendi S.A., Studiocanal S.A.S., and Ron Halpern ("Defendants"), by and through their respective undersigned counsel, hereby submit this Joint Status Report regarding the Results of Early Mediation:

1. On January 24, 2020, the parties appeared before the Court for a scheduling conference in this matter.

2. In addition to entering the Scheduling Order, the Court referred the parties to mediation before Magistrate Judge Louise A. LaMothe, and ordered the parties to appear for a status conference on March 27, 2020.

3. On February 10, 2020, Judge LaMothe set the matter for mediation in Santa Barbara on March 18, 2020.

4. In preparation for the mediation, the parties' counsel conferred multiple times regarding settlement. Defendants' counsel communicated regularly with Defendants' insurer to resolve issues regarding requested coverage for the case and settlement. These communications were impacted by the global COVID-19 pandemic with Defendants' insurance carrier being located in northern Italy and counsel for the carrier located in Paris, France. In early March 2020, the parties appeared telephonically before Judge LaMothe twice to discuss the mediation and the progress of settlement discussions.

5. The COVID-19 pandemic disrupted the parties' ability to proceed with the March 18 mediation date. Based on these impediments, and to enable the parties to continue to work out details needed for the mediation to succeed, on March 16, 2020, Judge LaMothe postponed the mediation, and requested the parties to reappear telephonically on March 30, 2020 to discuss their progress and resetting the mediation date.

6.      On March 30, 2020, the parties (including Paris-based counsel for Studiocanal's insurance carrier) and counsel participated in a telephonic mediation call with Judge LaMothe. On March 30, 2020, Judge LaMothe issued a minute order suggesting that Plaintiffs make a settlement proposal to Defendants by April 1, 2020. Pursuant to such order, Plaintiffs conveyed a settlement proposal on April 1, 2020.

7.      After Plaintiffs submitted their initial settlement proposal, the parties' respective counsel have had regular telephonic communications with Judge LaMothe and have exchanged several settlement counter-proposals.

8.      The settlement discussions have been impacted by the global COVID-19 pandemic and issues with Studiocanal's insurance carrier. Initially, communications with the insurance carrier and its counsel were complicated by the fact that the applicable insurance policies are in French and require translation, the coverage issues are governed by foreign law, and the COVID-19 pandemic has significantly impacted insurance carrier personnel located in European "hot spots." After several weeks of internal communications between Studiocanal and the carrier, the carrier decided that it would not fund a settlement or participate in further settlement discussions. Since then, the parties counsel have explored and discussed different potential settlement frameworks.

9.      Over the past few months, the parties have narrowed the issues involving the framework of a settlement, which involves both the rights in the "This is Spinal Tap" film and related intellectual property, as well as a monetary payment. Although the parties have made progress, there still remain a few open issues and the parties are in the process of exchanging further information that will help assist in the parties' decision-making process. The parties are continuing to discuss and negotiate these issues with the active and timely support and assistance of Judge LaMothe. The parties anticipate that, even with Judge LaMothe's active assistance, given the open issues and the COVID-19 situation in general, it will

likely require at least a few weeks of additional discussions to determine if a resolution is possible.

10. Accordingly, the parties jointly propose updating the Court with a further joint status report in mid-September 2020, as they hope to know by that time whether the case can be settled.

DATED: August 7, 2020                    RUSS, AUGUST & KABAT

                                                 By: */s/ Bennett A. Bigman*
                                                      Bennett A. Bigman
                                                      Stanton L. Stein
                                                       Irene Y. Lee
                                                       Attorneys for Plaintiffs
                                                       Century of Progress Productions,
                                                       Christopher Guest, Rob Reiner
                                                       Productions, United Heathen, Spinal
                                                       Tap Productions, Harry Shearer,
                                                       Rob Reiner, and Michael McKean

DATED: August 7, 2020                    QUINN EMANUEL URQUHART &
                                                       SULLIVAN, LLP

                                               By: */s/ Robert M. Schwartz*
                                                      Robert M. Schwartz
                                                      Daniel C. Posner
                                                      Zachary A. Schenkkan
                                                      Attorneys for Defendants Vivendi
                                                      S.A., StudioCanal S.A.S., and Ron
                                                      Halpern

Pursuant to Local Rule 5-4.3.4, the filer of this document attests that all of the signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, I electronically filed a true and correct copy of the foregoing **JOINT STATUS REPORT** through the Court's CM/ECF system, which will send a Notice of Electronic Filing ("NEF") to all interested parties in the action through their counsel of record, who have consented to electronic service, as follows:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz
Daniel C. Posner
Zachary A. Schenkkan
865 South Figueroa Street
10th Floor
Los Angeles, California 90017-2543
robertschwartz@quinnemanuel.com
danposner@quinnemanuel.com
zackschenkkan@quinnemanuel.com

*Attorneys for Defendants Vivendi S.A., StudioCanal, and Ron Halpern*

                                                */s/ Stanton L. Stein*
                                                  Stanton